FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2020 MAY 13 AM 10: 45
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

WILLIAM HENRY HAMMAN
& THE CLASS "DUAL
ENROLLMENT STUDENTS",
Plaintiffs;

v.

THE BOARD OF GOVERNORS
In their individual and
official capacities,
Defendants
_____/

Case No.: 6:20-cv-828

Verified Complaint for
Declaratory and Injunctive Relief,
with Demand for Jury Trial

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF W/ JURY TRIAL

### TABLE OF CONTENTS

**CLAIM #1 - DEPRIVATION OF PROPERTY WITHOUT PROCEDURAL DUE PROCESS PURSUANT TO *CAREY v. PIPHUS*, 435 U.S. 247**

Property is statutorily granted pursuant to *FS* 1007.271(2)..............................4

The Pre-Deprival Notice required by *Carey v. Piphus* was not granted...........6

The Pre-Deprival Hearing required by *Carey v. Piphus* was not granted........6

**CLAIM #2 - DECLARATION RE. FIRST COURSE DEPRIVED TO HAMMAN...7**

### TABLE OF AUTHORITIES

**CONSTITUTIONAL AUTHORITIES**
Fourteenth Amendment U.S. Constitution., Due Process Clause......................*passim*

**STATUTORY AUTHORITIES**
*Florida Statute* 1007.271...................................................................................*passim*

**SUPREME COURT AUTHORITIES**
*Carey v. Piphus*, 435 U.S. 247............................................................................*passim*

### TABLE OF EXHIBITS

EXHIBIT 1 - ORIGINAL COMPLAINT dated Oct 11, 2016........................................5

EXHIBIT 2 - UCF Dual Enrollment web page.............................................................5

1

# COMPLAINT FOR DECLARATORY RELIEF FOR PROCEDURAL DUE PROCESS PURSUANT TO *CAREY v. PIPHUS*

William Henry Hamman and the class Dual Enrollment students come before this Court to sue the Board of Governors in their individual and official capacities for failure to oversee the enforcement of all state university laws and claim the following:

## THE PARTIES

1) I, William Henry Hamman, am a home education student in 12th grade and reside in Orange County, Florida.

2) Plaintiff "Dual Enrollment students" (with sub-classes "Home Education students" and "Private School students",) is the protected class which is created and granted unique statutory rights by *Florida Statute* 1007.271. The class includes each 6-12 grade student in the state, not just UCF's service area; because each student in the state has a right to not be misinformed by UCF pursuant to *Florida Statute* 1007.271(8). Our stake begins at the property interest shown in *Carey v. Piphus*, 435 U.S. 247 plus the tangible Property of a Pre-Paid College Plan inherent in the Program, interests which have been deprived without Due Process.

3) Defendant is Florida's Board of Governors in their individual and official capacities. (The "BoG"). The BoG is legally responsible for The University of Central Florida ("UCF") which resides and does business in Orange County, Florida. The Board of Governors is assigned the ministerial and non-discretionary

2

responsibility for UCF's compliance with state and federal laws pursuant to *Florida Statute* 1000.03(2)(c): "[t]he Board of Governors shall oversee the enforcement of all state university laws" & also *Florida Statute* 1001.706(1)&(8): "For each constituent university, the Board of Governors ... shall be responsible for ... the implementation and maintenance of high-quality education programs within law. ... The Board of Governors has responsibility for compliance with state and federal laws, rules, regulations, and requirements."

## VENUE AND JURISDICTION

4) This court has subject matter jurisdiction because the litigation arises under the Fourteenth Amendment of the United States Constitution. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 28 U.S.C. § 2202 (Further Relief). The action is brought pursuant to Federal Rule of Civil Procedure 57, (Declaratory Judgement) & Federal Rule of Civil Procedure 65, (Injunctive Relief).

5) This court has personal jurisdiction over the parties because the BoG does business through UCF in Orange County, Fl; where plaintiffs Hamman reside. Orange County is within the court's jurisdiction.

6) Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c)

## INTRODUCTION

7) **Florida's Dual Enrollment program is one of a number of "acceleration options"** which eligible secondary students are at liberty to choose from in order to fulfill their basic education requirements. Dual Enrollment courses are the legal equivalent to Advanced Placement courses except delivered on Florida's post-secondary campuses.

8) **The Program is a matter of statutory right granted to "each"** 6-12 grader who meets statutory prerequisites and becomes "eligible"

9) **The Program inherently includes the Inalienable Property** of a free pre-paid college plan as a benefit during participation in the program. The Supreme Court has granted that there are property interests inherent in the basic education piece of the Program which may not be deprived without Due Process pursuant to *Carey v. Piphus*, 435 U.S. 247 (1978)

10) **There will be no record of pre-deprival notice or hearing** having been given to the 6 million people whose inalienable rights have been abused without Due Process since 2002 nor the 1.5 million Floridian minors in grades 6-12 who continue to suffer the ongoing constitutional abuse at this time. I assure the Court that UCF can not provide such notice having been given to me.

11) **THEREFORE UCF is depriving the constitutionally-protected Property inherent in Florida's Dual Enrollment program without Due Process.**

## STATEMENT OF THE FACTS

12) In Spring 2016 when I was 13 I approached UCF as legally eligible to enroll in the Dual Enrollment program per the state's Dual Enrollment FAQ but was told that UCF chose not to offer the Program to Home Education students. I was not allowed to even apply and was told that this was specifically & solely because I was a Home Education student.

13) At the time there was information on their web site which stated that UCF did not allow Home Education students to participate in the Program.

14) The first course I sought and was illegally deprived without Due Process was a DIS course in Molecular Biology. My academic accomplishments at the time are well documented in my original complaint against Valencia dated October 11, 2016. (Exhibit 1, page 6) The video which the course was to flow from is noted in the 2016 complaint on page 6 and it is date-stamped on youtube at https://youtu.be/3Ji2ZhNBUrc.

15) There is information on UCF's web site explicitly stating that UCF arbitrarily denies the program to whomever they choose without any Due Process whatsoever, not even a letter stating that a student has been denied with so much as an explanation why. (Exhibit 2, page 4; hosted online at: https://www.ucf.edu/admissions/undergraduate/dual-enrollment-early-admission/). UCF's asserted policy of Arbitrary Discretion leaves any defense against this Procedural Due Process claim logically and legally untenable.

5

## CLAIM #1 - DECLARATION THAT DUAL ENROLLMENT STUDENTS WERE DEPRIVED OF THE "ABSOLUTE" RIGHT TO PROCEDURAL DUE PROCESS PURSUANT TO *CAREY v. PIPHUS*

16) The Fourteenth Amendment guarantees that "No state shall deprive any person of life, liberty, or property, without due process of law".

17) *Carey v. Piphus* is binding upon the instant case where the exact same interests inherent in a state's statutorily granted educational benefit are at stake.

18) The Due Process shown in *Carey* to which we have an "absolute" right is the right to be fairly heard in a properly noticed hearing with the assistance of legal aid. The absence of that properly-noticed "Piphus Hearing" is shown to be an absolute constitutional violation due nominal damages *even if the underlying reason for the exclusion were found to have been valid and that there was no actual injury*.

19) It is not in dispute between the parties that I have been denied the opportunity to participate and that I did not receive notice or the hearing specifically laid out in *Carey*. To the contrary, UCF has in fact spent four years claiming the absolute right to deny the Program without notice, hearing, or any process whatsoever.

20) That makes this case actionable and due for a dollar judgement for the unconstitutional deprivation of Due Process itself, even for those members of the class who are without injury as is shown in *Carey*.

21) THEREFORE, as laid out in the Verified Complaint Memorandum, we seek a declaration that the class "Dual Enrollment students" have been unconstitutionally deprived of the Dual Enrollment program.

## CLAIM #2 - DECLARATION THAT THE MOLECULAR BIOLOGY COURSE WAS DEPRIVED WITHOUT PROCEDURAL DUE PROCESS PURSUANT TO *CAREY v. PIPHUS* & IS THEREFORE IMMEDIATELY DUE TO HAMMAN FOR THE REASONS STATED ABOVE

22) For the above reasons, the Molecular Biology course was unconstitutionally deprived without Procedural Due Process

23) It was the first course which I sought and it was uniquely important to my life when it was first unconstitutionally deprived in Spring of 2016. It's importance to me has grown exponentially since then.

## CONCLUSION

WHEREFORE, we seek the following declaratory relief:

A) Declaration that the Dual Enrollment program has been unconstitutionally deprived from the classification "Dual Enrollment students" because the deprival came without the "absolute" right to Procedural Due Process guaranteed by and laid out in *Carey v. Piphus*.

B) Declaration that the Molecular Biology course was deprived from Plaintiff Hamman without Due Process and must be immediately supported so long as it is not academically offensive in any way.

Respectfully Submitted May 13, 2020,

_____
William Henry Hamman
bluevarsity@floridadefraud.com
1209 N. Westmoreland Dr.
Orlando, FL 32804
407-421-9323

## SERVICE NOTICE

We have emailed a copy of these filings following personal phone calls to:
info@flbog.edu - noticing the Board of Governors per Carla's direction

*William Henry Hamman*
William Henry Hamman
bluevarsity@floridadefraud.com
1209 N. Westmoreland Dr.
Orlando, FL 32804
407-421-9323

## CERTIFICATE OF VERIFICATION

On May 13, 2020 William Henry Hamman personally appeared before me, the undersigned Notary Public, and, after being duly sworn, he stated under oath that every statement contained within the complaint is within his personal knowledge and is true and correct

*William Henry Hamman*
William Henry Hamman

Notary Public in and
for the State of Florida

8 - 29 - 2022

My Commission expires

Signature

[ Notary's seal ]

Notary Public State of Florida
Billy S Priest
My Commission GG 254104
Expires 08/29/2022

Billy S. Priest
Printed Name

8